TEXAS & PACIFIC RAILWAY COMPANY v. MRS. C. A. STAGGS ET AL..

Decided March 1, 1897.

Contributory Negligence—Discovered Peril.

Where a person run upon and killed by a railway train was guilty of contributory negligence in not discovering and avoiding it, there can be no recovery for his death on account of negligence of defendant's employes in failing to discover his peril in time to avoid striking him.

CERTIFICATE OF DISSENT, from Court of Civil Appeals, Second District, in an appeal from Tarrant County.

The suit was brought to recover from the railway company damages for causing the death of J. M. Staggs.  Plaintiffs had judgment in the trial court, which, on defendant's appeal, was reversed, Hunter, Associate Justice, dissenting.  (37 S. W. Rep., 609.)  A former certificate of dissent was dismissed.  Ante, 254.

*Stanley, Spoonts & Thomson,* for appellant.—The court erred in the second and third paragraphs of its charge wherein it submitted as an issue of law to the jury that the defendant company would be liable not only for negligence after the actual discovery of the danger of Staggs, deceased, but that it would be guilty of negligence if its servants failed to discover the danger of said Staggs. Railway v. Ryon, 70 Texas, 58; Railway v. Smith, 77 Texas, 180; Railway v. Cock, 68 Texas, 713; Railway v. Lankford, 31 S. W. Rep., 355; Roswadofskie v. Railway, 1 Texas, Civ. App., 493; Railway v. Roberts, 2 Texas Civil App., 111; Gherkins v. Railway (Ky.), 30 S. W. Rep., 651; Railway v. Mundy, 49 Ark., 257; Bouwmeester v. Railway, 67 Mich., 87; Bentley v. Railway, 86 Ala., 484; Frazer v. Railway, 81 Ala., 185; 2 Shearman & Redfield, Negligence, sec. 483.

*R. L. Carlock & J. E. Martin* for appellees.—In a case of this kind, where the fact is conceded that the agents and servants of the defendant in charge of one of its moving trains see a person walking on the track ahead of the train, the law is as charged substantially by the learned trial judge in subdivisions 2 and 3 of his charge. Shear. & Red., Neg., secs. 99 and 483; Wharton on Neg., secs. 384 and 389a; Railway v. Matula, 79 Texas, 583; Railway v. Robinson, 4 Texas Civ. App., 125; Railway v. Smith, 87 Texas, 357; Railway v. Brown, 33 S. W. Rep., 148; Railway v. Deuser (Ky.), 29 S. W. Rep., 974; Chamberlain v. Railway (Mo.), 33 S. W. Rep., 438; Railway v. Krey (Ky.), 29 S. W. Rep., 869; Deans v. Railway (N. C.), 12 S. E. Rep., 79; Scoville v. Railway, 81 Mo., 440; Sullivan v. Railway, 23 S. W. Rep., 149; Railway v. Garcia, 75 Texas, 590; Christian v. Railway (Miss.), 15 So. Rep., 71; Frazer's Admr. v. Railway, 81 Ala., 200.

*R L. Carlock,* for appellees, in a supplemental argument, distinguished the case at bar from those relied on by appellant, on the ground that "the theory of the plaintiff's case was that the deceased was seen walking on the track of defendant by the train operators, for at least a quarter of a mile before the accident happened. That he was, during all said time, between the rails of the main track, within plain view of the engineer, and was, in fact, seen by him; that he did not know of the nearness of the approaching train, and did not hear or heed the signals of danger, if any were given; that with a knowledge of the peril to which the deceased had exposed himself, the train operators failed to slow up or stop the movement of the rapidly approaching train, or take any other precautions to avoid striking him, but ran him down and killed him." Counsel cited and discussed the following authorities: Railway v. Ryon, 80 Texas, 59; McDonald v. Railway, 86 Texas, 14; Sanches v. Railway, 88 Texas, 120; Railway v. Robinson, 4 Texas Civ. App., 125; Fiedler v. Railway (Mo.), 18 S. W. Rep., 848; Railway v. Deuser, (Ky.), 29 S. W. Rep., 974; Davies v. Mann, 10 M. & W., 545; Baker v. Railway (N. C.), 24 S. E. Rep., 416; Pickett v. Railway (N. C.), 23 S. E. Rep., 246; Seaboard v. Joyner's Admr. (Va.), 23 S. E. Rep.,

775; Needham v. Railway, 37 Cal., 409; Railway v. Cook (Neb.), 55 N. W. Rep., 946; Morris v. Railway, 45 Iowa, 32; McKean v. Railway, 55 Iowa, 192; Railway v. Mertes, 52 N. W. Rep., 1101; Glass v. Railway (Ala.), 10 So. Rep., 217; 2 Thomp. on Neg., 1157; Railway v. Shieder, 88 Texas, 166; Railway v. McGlamory, 35 S. W. Rep., 1059; Railway v. Bishop, 37 S. W. Rep., 766; Railway v. Roberts, 2 Texas Civ. App., 144; Stooksbury v. Swan, 85 Texas, 572; Railway v. Matula, 79 Texas, 583;. Wharton on Neg. (2d Ed.), secs. 47, 388; Railway v. Hanks, 78 Texas, 303; Railway v. Smith, 87 Texas, 354; Railway v. Weisen, 65 Texas, 447; Railway v. Watkins, 88 Texas, 24; Railway v. Hewitt, 67 Texas, 479; Railway v. Sympkins, 54 Texas, 615; Railway v. O'Donnell, 58 Texas, 42; Railway v. Vaughn, 5 Texas Civ. App., 200; Railway v. Brown, 33 S. W. Rep., 146.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Second Supreme Judicial District has submitted to this court the following certificate of dissent:

"Assuming that J. W. Staggs was guilty of contributory negligence when run upon and killed by appellant's engine and train, was it or not correct for the court to charge the jury, in effect, that the widow and children of deceased would be entitled to recover, notwithstanding such negligence, if the train operatives, after discovering Staggs upon the track between a quarter and a half mile in front of the moving train, failed to use the care of a person of ordinary prudence to discover, in time to prevent or lessen the injury, when he was in actual danger and that he would not probably leave the track in time to prevent injury; as will more fully appear from the majority and dissenting opinions."

From the question certified and the opinions referred to, we understand that the deceased was upon appellant's track with a train approaching from behind him under such circumstances as made him chargeable with contributory negligence in not discovering the approaching train, and in not leaving the track. The persons who were operating the train saw the deceased upon the track when he was between a quarter and a half mile in front of the train, after which the employes of appellant failed to use ordinary care to discover that the deceased would not leave the track in time to prevent injury to him, and did not discover his peril, when it arose, in time to stop or slacken the speed of the train so as to prevent or lessen the injury. The district judge at the trial charged the jury, in effect, that the widow and children were entitled to recover under such state of facts, and the question of law submitted for our consideration is: did the District Court commit error against the appellant in giving that charge?

The question presented by the certificate was decided by this court in the case of Texas & Pacific Ry. Co. v. Breadow, 36 S. W., 410; 89 Texas, 42. In that case the proof showed that the engineer in charge of the locomotive saw the deceased near the track some distance ahead, but the evidence did not show that the engineer saw him at any time

when he was in a position of danger, and this court, through Justice Denman, said: "If defendant, through the parties in charge of the engine, knew of Breadow's peril in time to have avoided same, such knowledge imposed upon it the new duty of using every. means then within its power, consistent with the safety of the engine, to avoid running him down; and a failure so to do would render it liable, notwithstanding he may have been guilty of contributory negligence in being exposed to the peril. This new duty and liability for its breach is imposed, upon principles of humanity and public policy, to prevent what would otherwise be, as far as civil liability is concerned, the licensed destruction of persons negligently exposing themselves to peril. The same principle of law which, on grounds of public policy, will not permit a person to recover when his own negligence has proximately contributed to the injury, will not permit the party who has inflicted the injury in violation of such new duty to defend upon the ground of such negligence. The principle, however, has no application in the absence of actual knowledge, on the part of the person inflicting the injury, of the peril of the party injured in time to avoid the injury by the use of the means and agencies then at hand. If he had no such knowledge, the new duty was not imposed, though it be clear that by the exercise of reasonable care he might have acquired same. The burden of proof was upon plaintiff in this case, in order to recover for a breach of such new duty, to establish, not that the employes might, in the exercise of reasonable care, have acquired such knowledge, but that they actually possessed it."

If the deceased was not guilty of negligence in being or remaining upon the track of defendant's railroad, and if the employes of the railroad company failed to use such care as a person of ordinary prudence would have exercised under like conditions, to discover his presence upon the track, the widow and children of the deceased would be entitled to recover for his death, if caused by such negligence of the railroad company. If deceased was guilty of contributory negligence, his widow and children could not recover for failure to see him upon the track, or to discover his danger, because in such case their right of action would rest upon the negligence of the defendant, to which contributory negligence of the deceased would constitute a good defense.

If the deceased was negligent to that degree denominated contributory negligence, but the employes of the railroad company actually knew of his danger in time to have averted it, and they failed to use every means in their power, consistent with safety, to prevent the injury, the railroad company would be liable notwithstanding the negligence of the deceased. The law embodies the principles of humanity and public policy into that salutary rule which, applied to the facts of this case, required of the engineer when he discovered the peril of deceased, if it was discovered, to use every means in his power, consistent with safety, to prevent the injury. To an action for a failure to perform this duty, contributory negligence is no defense.

The District Court erred in charging the jury as stated in the question.