SOUTHERN TRACTION CO. v. WILSON.
(No. 5603.)

(Court of Civil Appeals of Texas. Austin. April 5, 1916. Dissenting Opinion April 12, 1916. On Motion for Rehearing, June 7, 1916.)

1. APPEAL AND ERROR ☞930(4)—REVIEW—PRESUMPTION—VERDICT.

Where no special issues are submitted and the jury returns a general verdict, on appeal it is presumed that the jury found in favor of appellee on every issue necessary to sustain the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3760, 3761; Dec. Dig. ☞930(4).]

2. STREET RAILROADS ☞113(7) — ACCIDENTS—ACTIONS—EVIDENCE—COMPANY'S RULES.

In an action against street railway company for injuries to the driver of a laundry wagon, evidence that the motorman was violating the company's rules in not running slowly at the place of the accident was admissible as tending to show absence of negligence by plaintiff, it appearing plaintiff knew of the rule, since he might have relied upon its observance until he discovered the contrary.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 238; Dec. Dig. ☞113(7).]

3. STREET RAILROADS ☞93(2) — COLLISION WITH VEHICLES—WHAT CONSTITUTES NEGLIGENCE—VIOLATION OF OWN RULES.

The violation by motorman of a street railway company of its rule to run slowly at a certain point does not of itself give an injured person a right of action.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 196, 200; Dec. Dig. ☞93(2).]

4. NEGLIGENCE ☞83 — DISCOVERED PERIL — CONTINUING CONTRIBUTORY NEGLIGENCE.

The "last clear chance" or "discovered peril" rule applies only where the operation of the injured person's negligence in getting into a position of peril has come to an end, as by his ignorance of, or inability to escape from, such place of danger, and does not apply when his contributory negligence continues to the time of the injury—as by his persistence in remaining in or going on to occupy the position of danger—since in such case the negligence of the person charged cannot be said to intervene so as to become the sole proximate cause; but the negligence of both parties concurs, thus rendering the injured person's contributory negligence a bar under the usual rule as to concurring contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 115; Dec. Dig. ☞83.]

5. DAMAGES ☞62(2)—DUTY OF INJURED TO PREVENT DAMAGE—INJURIES TO PERSON.

One injured by another's fault is required to use only ordinary care to prevent the aggravation of his injuries.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 120–123; Dec. Dig. ☞62(2).]

On Motion for Rehearing.

6. STREET RAILROADS ☞110(2) — ACCIDENTS—ACTIONS—PLEADING CONTRIBUTORY NEGLIGENCE.

In action against a street railway company for injuries by collision, an answer alleging that plaintiff was in plain view of the car, and that he negligently drove his wagon upon the track without making any effort to avoid collision, was a good plea of contributory negligence after discovered peril on the part of plaintiff, at least where no exception was taken.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 224; Dec. Dig. ☞110(2).]

Key, C. J., dissenting.

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by J. A. Wilson against the Southern Traction Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded for new trial.

Nat Harris and Spell & Sanford, all of Waco, and Templeton, Beall & Williams, of Dallas, for appellant. Pat M. Neff, of Waco, Chas. R. Miller, of Houston, and Chas. L. Black, of Austin, for appellee.

JENKINS, J. Appellant is a street railway company, operating its cars in the city of Waco. Appellee, while driving a laundry wagon, was struck by appellant's car and injured. He brought suit to recover for such injury, alleging negligence on the part of appellant (1) in operating the car too rapidly; (2) in failing to sound the gong; (3) in failing to have the car under control; (4) in failing to keep a proper lookout; (5) in failing to have the car equipped with air brakes; (6) in the motorman's disregarding the rule of the company to run slowly at the place of the accident; and (7) discovered peril.

The appellant, in addition to special denials of each of the alleged grounds of negligence, pleaded contributory negligence on the part of appellee. Each of the alleged grounds of negligence was submitted to the jury under a general charge, and there was a verdict for appellee, assessing his damages at $13,500. No error is assigned as to the amount of the judgment.

The evidence was sufficient to require the submission of each of these issues to the jury. There was no error in the court's definition of negligence, viz., the failure to exercise ordinary care, for which reason we overrule appellant's assignments of error 1, 2, 2a, 3, 4, 5, 6, and 7.

[1] This case, as well as all cases where more than one distinct ground of recovery is alleged, should have been submitted upon special issues. It was alleged that the appellant's motorman failed to keep a proper lookout, and was thereby guilty of negligence; that he failed to discover appellee's peril in time to prevent injuring him; that the company was negligent in not equipping its car with air brakes. The jury may have

found either of these allegations to have been true, but they could not all have been true. If the motorman did not discover the appellee's peril, or if he did discover the same but was unable to thereafter stop his car for the want of air brakes, the doctrine of discovered peril is not in the case. On the contrary, if the facts show discovered peril, the failure to keep a proper lookout, or the failure to have the car equipped with air brakes, is immaterial. As no special issues were submitted and the jury returned a general verdict, we cannot know what the verdict was based upon; consequently we must presume that they found in favor of the appellee upon every issue necessary to sustain the judgment.

[2, 3] In its seventh assignment of error, appellant complains of the charge of the court in submitting the issue of the violation of the company's rules, as indicated by the "slow" sign. Evidence upon this issue was admissible on the part of appellee as tending to show the absence of negligence on his part. It appears that he knew of said sign and rule of the company, and he might have relied upon the observance of the same until he discovered the contrary. Railway Co. v. Kuehn, 2 Tex. Civ. App. 210, 21 S. W. 60; Id., 11 Tex. Civ. App. 21, 31 S. W. 323; Hayward v. Street Ry. Co., 74 N. J. Law, 678, 65 Atl. 737, 8 L. R. A. (N. S.) 1062, and note to same, pages 1064, 1065. But the violation of this rule did not of itself give the appellee a cause of action, and the court did not so instruct the jury herein. The appellee's cause of action, in so far as speed is concerned, depended upon whether or not the car was being operated at a dangerous rate of speed, and the rule of the company neither added to nor took from his cause of action, if any he had.

"The care [which] employés of companies must exercise in the operation of cars, so far as the general public is concerned, is to be determined by the principles of law, and not by the rules adopted for the guidance of its employés." Railway Co. v. Gaugh, 133 Ky. 467, 118 S. W. 278.

See, also, Fonda v. Railway Co., 71 Minn. 438, 74 N. W. 169, 70 Am. St. Rep. 341; Isackson v. Railway Co., 75 Minn. 27, 77 N. W. 433; O'Keefe v. Railway Co., 33 App. Div. 324, 53 N. Y. Supp. 943.

We think this charge was upon the weight of the evidence, but not for the reasons assigned by appellant; hence we have overruled the assignment as to this charge.

There is no affirmative error in the charge of the court complained of in the eighth assignment of error, for which reason the same is overruled. Manufacturing Co. v. Femelat, 79 S. W. 872; Railway Co. v. McVey, 81 S. W. 999, 1000; Robinson v. Varnell, 16 Tex. 387; Abney v. Bank, 152 S. W. 734.

[4] Paragraph 14 of the court's charge is as follows:

"If you believe from the evidence that, at the time of the accident, the plaintiff was in plain view of defendant's car which struck him and his laundry wagon, as said car was moving south over its line on North Twelfth street, and that he drove his horse and wagon upon defendant's track without making any effort whatever to avoid a collision between his said wagon and defendant's moving car, and that plaintiff, J. A. Wilson, was thereby guilty of negligence which caused or contributed to his injury, and that but for such negligence on his part, if any, such injuries would not have been received by him, then you will return a verdict for the defendant, unless you find for plaintiff under paragraph 16 of this charge."

Paragraph 16 is as follows:

"If you believe from the evidence that, when the defendant's car that collided with plaintiff's laundry wagon was approaching the crossing of Washington and North Twelfth streets upon the occasion in question, the defendant's motorman in charge of said car saw the plaintiff and his laundry wagon on Washington street near the defendant's track at said crossing, driving towards said crossing, and it reasonably appeared to said motorman in charge of said car that said J. A. Wilson would not probably stop before he reached said track, or would not pass over the same in time to avoid a collision with said car, and that the plaintiff was in peril and that defendant's said motorman knew he was in peril, if he was, and you further believe from the evidence that said motorman then failed to use all the means that he had at his command, consistent with the safety of said car and the passengers in the same, to stop the same and prevent a collision; and if you further believe from the evidence that, by the use of all the means he had at command for stopping said car, he could have stopped the same or so reduced the speed thereof as to avoid a collision with said laundry wagon, you will find for the plaintiff, J. A. Wilson, even though you may believe that said J. A. Wilson was guilty of contributory negligence, as alleged by the defendant, in the manner in which he approached and drove upon said street car track."

The defendant "alleged" the manner in which plaintiff approached and drove upon said street car track to be that plaintiff—

"was in plain view of defendant's car as it was moving south over its line on Twelfth street in the city of Waco at a reasonable rate of speed, and that plaintiff recklessly and negligently drove his horse and wagon upon defendant's track without making any effort whatever to avoid a collision between his said wagon and defendant's moving car. * * * That he saw defendant's car in ample time to have stopped his horse before going upon defendant's track and thus have avoided the collision and consequent injuries resulting therefrom, if any; but said plaintiff recklessly and negligently drove upon defendant company's track in front of defendant's moving car, with full knowledge of the fact, and with full knowledge of the fact that those in charge of the car were making every effort in their power to prevent a collision between said moving car and plaintiff's wagon * * * and if the plaintiff was injured, as he alleges, it was because of his own contributory negligence, and was the direct and proximate cause thereof."

This charge is contradictory in that it instructs the jury, in effect, to find for plaintiff if they believe that defendant's motorman failed to use all the means in his power to stop the car, although they may believe that plaintiff drove upon the track with full knowledge that the motorman was "making every effort in his power to prevent a collision between said moving car and plaintiff's

wagon." Such was the allegation in defendant's answer to which this charge refers. But, construing this charge in the light most favorable to appellee, it instructs the jury that, if the motorman discovered the appellee's peril and could have avoided injuring him by the use of all means at his command, the plaintiff is entitled to recover, though he also discovered that the car would not stop, and realized the peril of attempting to cross in front of it and recklessly drove in front of the car, doing nothing to avoid the injury.

We have been cited to no case in this state presenting the issue raised by appellant's assignment of error as to this charge. In none of the cases in this state involving discovered peril, so far as we know, unless it be Railway Co. v. Jacobson, 28 Tex. Civ. App. 150, 66 S. W. 1111, does it appear that the plaintiff discovered his peril when he could have extricated himself therefrom, but negligently failed to do so, or that he realized the peril to which a certain course of conduct would expose him, but nevertheless recklessly adopted such line of conduct.

Before entering upon the discussion of this issue, we deem it proper, as the basis of our conclusion, to call attention to some well-recognized fundamental principles of the law of negligence:

(1) Negligence implies a breach of duty.

(2) It is the duty of every person to use ordinary care to avoid injuring the person or property of another.

(3) It is the duty of every person to use ordinary care to avoid being injured in his person or property by the acts of another.

(4) The failure to exercise such care is negligence.

(5) Negligence implies inadvertence or neglect to perform a duty and excludes malice or injuries intentionally inflicted.

(6) One who, by his negligence, proximately causes injury to another is liable in damages to the injured party.

(7) Where the injured party is himself negligent, and his negligence concurs with the negligence of the party inflicting the injury and is also a proximate cause of the injury, he cannot recover.

The rule stated in paragraph 7, supra, omitting the word "proximate," was first announced in Butterfield v. Forester, 11 East, 60 (2d American Ed. 43), April, 1809. That case did not qualify the plaintiff's right to recover by making his act of negligence the proximate cause, but announced the broad rule that the plaintiff could recover in no case where his negligence concurred, even though remotely, with the negligent conduct of the defendant in producing the injury. This rule was modified by the celebrated case of Davies v. Mann, 10 M. & W. —— (1842), and which held that the owner of a donkey who had negligently left it fettered upon the highway was entitled to recover against a party who negligently drove over and killed the donkey, holding, in effect, that the prior negligence of the owner of the animal was but a condition or remote cause of the injury, and that the negligence of the defendant was the sole proximate cause. This case has been many times cited and followed by the courts in England and in this country. The effect of the decisions is that, if the negligence of the plaintiff is not the proximate cause of the injury, it is, in law, no cause at all. It is not a juridical cause but only a condition. The case of Davies v. Mann involves the modern doctrine of "last clear chance" and "discovered peril," though it does not seem to hold that it is necessary that the peril should have been actually discovered, if by the use of reasonable diligence it might have been.

Before further discussing the issue involved under this assignment, let it be remembered that willful or malicious injury does not involve negligence, or, in other words, in such case the law conclusively presumes that the willful and malicious act of the defendant was the proximate cause of the injury and refuses to consider the prior negligence of the plaintiff, though, but for such intentional injury on the part of the defendant, such prior negligence of the plaintiff might have been a bar to recovery. Rider v. Rapid Transit Co., 171 N. Y. 139, 63 N. E. 836, 58 L. R. A. 129; Holwerson v. Railway Co., 157 Mo. 216, 57 S. W. 770, 50 L. R. A. 850; 7 Am. & Eng. Ency. Law, 443; 29 Cyc. 509; Shearman & Redfield on Negligence (5th Ed.) 64. In the instant case, willful injury was neither alleged nor submitted to the jury; consequently it cannot be considered in support of the verdict.

Unless the doctrine of discovered peril when alleged and proven, like that of willful injury, puts negligence out of the case, then the contributory negligence of the plaintiff, if not merely prior to but also concurrent with the negligence of the defendant and constitutes a proximate cause of the injury, must be taken into consideration, and will defeat plaintiff's right of recovery.

As indicating that the willful or wanton conduct of the motorman, if any, cannot be considered as supporting the verdict, we cite the fact that the basis of recovery as submitted in the charge of the court excludes malice or wantonness, and the evidence is by no means conclusive that such conduct was willful or wanton. The court instructed the jury that the ground for recovery would be that the motorman, after discovering plaintiff's peril, failed to use every means at his command to avoid the injury. The motorman testified that he did use every means at his command after discovering appellee's peril. The facts which he stated were that he put on the emergency brakes, and, the track being wet, the wheels slipped; that he loosened the brakes and immediately tightened them again, and that thereafter he broke the circuit overhead. He and several other witness-

es testified that he sounded the gong, but a number of witnesses testified that he did not. Now the jury may have concluded that, though he made considerable effort to avoid the injury, and that he believed that he was making every necessary effort, still, that he was negligent in not breaking the circuit when he first discovered the peril, or in releasing the brakes after having tightened them, or in not sounding the gong. The jury might have concluded that his failure to use some means that he did not use was negligence, but not that it was willfulness or wantonness. Willfulness or wantonness implies not only the intentional doing or omission of an act, but also the contemplation and intention of its consequences. However, as above stated, the doctrine of malicious injury is not involved in this case.

Mr. Justice Denman in Railway, Co. v. Breadow, 90 Tex. 31, 36 S. W. 412, said:

"If defendant, through the parties in charge of the engine, knew of Breadow's peril in time to have avoided the same, such knowledge imposed upon it the new duty of using every means then within its power, consistent with the safety of the engine to avoid running him down, and a failure to do so would render it liable, notwithstanding he may have been guilty of contributory negligence in being exposed to the peril. This new (duty) and liability for its breach is imposed, upon principles of humanity and public policy, to prevent what would otherwise be, as far as civil liability is concerned, the licensed destruction of persons negligently exposing themselves to peril. The same principle of law, which, on grounds of public policy, will not permit a person to recover when his own negligence has proximately contributed to the injury, will not permit the party who has inflicted the injury in violation of such new duty to defend upon the grounds of such negligence."

In other words, this new duty puts out of the case the negligence of the plaintiff, and prevents it from being a proximate cause of his injury; for, as stated in the foregoing quotation, the law will not permit a person to recover "when his own negligence has proximately contributed to the injury." But when has his own negligence proximately contributed to the injury? As applied to the facts in the Breadow Case, the excerpt above set out is in harmony with all of the well-considered cases on negligence of which we have any knowledge, as well as with the fundamental principles of the law of negligence. The negligence of Breadow consisted in his failure to discover his peril, as he might have done by looking for the engine which struck and killed him. In other words, it was prior negligence which merely produced the condition upon which the negligence of the engineer acted, if he discovered Breadow's peril, as the sole proximate cause. In such case, the humane doctrine referred to requires that the defendant should use every means in his power to prevent the injury. But it has not been held in this state, nor elsewhere so far as we are aware, that the plaintiff could recover when his negligence was subsequent to the discovery of

his peril by the defendant, and thereafter actively and proximately concurred with the negligence of the defendant in producing the injury. In such case, to say that his negligence is not the proximate cause is to destroy the doctrine of proximate cause. This humane doctrine is embedded in the case of Davies v. Mann, as appears from the following excerpt from the opinion therein:

"Although the ass may have been wrongfully there, still the defendant was bound to go along the road at such a pace as would be likely to prevent mischief. Were this not so, a man might justify driving over goods left on a public highway, or even over a man lying asleep there."

And yet no one ever supposed that the decision in Davies v. Mann abolished the law of contributory negligence.

We quote from the able and exhaustive note to Bogan v. Railroad Co., 55 L. R. A. 419, as follows:

"It is said that the rule in Davies v. Mann simply furnishes a means of determining whether the plaintiff's negligence is a remote or proximate cause of the injury; that before the introduction of the rule any negligence on the part of the defendant (plaintiff), which in any degree contributed to the accident, was judicially treated as a proximate cause, and constituted contributory negligence which barred a recovery. A similar statement is made in Nashua Iron & Steel Co. v. Worcester & N. R. Co., 62 N. H. 159, and the same ideas expressed in other terms in many of the other cases. When the doctrine is stated in this form, it becomes apparent that it is not an exception to the general doctrine of contributory negligence, and that it does not operate to permit one to recover in spite of contributory negligence, but merely to relieve the negligence of the plaintiff or deceased, which would otherwise be regarded as contributory, from its character as such; and this result it accomplishes by characterizing the negligence of the defendant, if it intervenes between the negligence of plaintiff, or deceased, and the accident, as the sole proximate cause of the injury, and the plaintiff's antecedent negligence merely as a condition or remote cause. The antecedent negligence of the plaintiff or deceased having been thus relegated to the position of a condition or remote cause of the accident, it cannot be regarded as contributory, since it is well established that negligence, in order to be contributory, must be one of the proximate causes. Tanner v. Railroad Co., 60 Ala. 621; Richmond v. Railway Co., 18 Cal. 351; Button v. Hudson River R. R. Co., 18 N. Y. 248; Troy v. Railway Co., 99 N. C. 298, 6 S. E. 77 [6 Am. St. Rep. 521]."

Substitute "discovered peril" for "Davies v. Mann" in the excerpt from that case heretofore given, and it will correctly express our views upon the subject. But it will be observed that neither in that case nor in the numerous cases, with reference to "last clear chance" or "discovered peril" growing out of the doctrine announced in Davies v. Mann, is this doctrine applied, where the plaintiff also discovered his peril and was thereafter guilty of negligence which concurred with the negligence of defendant in producing the injury. In other words, the rule announced in Butterfield v. Forester, supra, continues to be the rule of decision in all common-law countries, modified by the doctrine of proximate cause as announced in Davies v. Mann.

The same ground of public policy, which prevents a plaintiff from recovering in ordinary cases of contributory negligence, will prevent his recovering when he also discovers his peril, and thereafter negligently contributes to his injury. In such case, his subsequent act of negligence is as much the proximate cause of his injury as if both parties had been negligent and neither had discovered the probable consequences of his negligence. In case the plaintiff discovers his peril and thereafter is negligent in failing to avoid the injury, his negligence, tested by all authorities on contributory negligence and by reason and common sense, is a proximate cause of his injury and will prevent his recovering.

We think that the legal basis for the doctrine of discovered peril is the rule of law as to proximate cause. The duty to avoid injuring another and the duty to avoid being injured, are reciprocal; and hence, when an engineer has negligently failed to discover a person on the track, and such person has negligently failed to discover the approach of the train and is injured, he cannot recover, not because the engineer did no wrong, but because the wrong of the injured party was a proximate cause of his injury. When an engineer discovers a person in a position of peril, the new duty imposed by the principles of humanity requires that he should use every reasonable means at his command to avoid the injury; and, if the other party is not thereafter guilty of a like act of negligence, the negligence of the engineer becomes in law the sole proximate cause of the injury. But, if the party in peril likewise discovers his peril, the same principles of humanity require that he should use every reasonable means to avoid being injured; and, if he should negligently fail to discharge this new duty, his negligence becomes a proximate cause of his injury, and if a proximate cause he cannot recover. Neither in morals nor in law has a man any more right to injure or destroy himself than he has to imperil or destroy another.

If the plaintiff in the instant case is entitled to recover against the street car company, he is likewise entitled to recover against the motorman. To drive a vehicle upon the track in front of a moving car may endanger the motorman and the passengers. The evidence in this case shows that the motorman was injured by the collision. Suppose the plaintiff had sued the motorman and the motorman had sued the plaintiff herein, and the evidence had shown that each discovered the peril of the other in time to have avoided the injury to the other, but that each negligently failed to do so, and that each was injured to the same extent, upon the doctrine of discovered peril, as announced by the charge herein, each could have recovered a judgment against the other for the same amount for injuries growing out of the same transaction. The law does not tolerate such an absurdity.

If the law, as to discovered peril, does not rest upon the doctrine of proximate cause, then it must rest upon the doctrine of malice. If so, the courts should not require juries to find as a fact, in order to render a verdict against the plaintiff, that the conduct of the defendant, after discovering the peril, was negligence. Such finding excludes malice. It is not true that one who discovers the peril of another, and not only does not desire to injure him, but is not indifferent as to such injury, and in an attempt to avoid such injury makes some effort to prevent it but does not do everything that he ought to have done, is guilty of a malicious wrong if injury results. His failure to use some additional means may render him liable upon the general doctrine of negligence, where all of our decisions place it; but it does not convict him of malice. We do not say that the failure to use certain available means to avoid the discovered peril might not be sufficient evidence of malice, if that issue was raised by the pleading, but that would be an issue to be passed upon by the jury under appropriate instructions. There is no such issue in this case.

We deduce from the authorities and from the basic principles of the law of negligence the following rule, as applicable to the facts of the charge here under consideration: If the negligence of the plaintiff merely resulted in placing him in a dangerous position, he not having discovered his peril, though he was negligent in failing so to do, and if his peril was discovered by the defendant, who could thereafter have avoided the injury by the use of all the means at his command, and he negligently (not willfully) failed to use such means, he is liable for the injury inflicted, upon the ground that such failure was the sole proximate cause of the injury; the law, upon the principle of humanity, refusing to consider for any purpose the prior negligence of the plaintiff. But if the plaintiff also discovered the peril to which certain conduct on his part would expose him, and thereafter negligently persisted in such conduct, however reckless it may be, such negligence, concurring with that of the defendant to produce the injury, is a proximate cause of the injury and he cannot recover. In support of our conclusions as announced in the foregoing portion of this opinion, we cite: Powers v. City Ry. Co., 143 Iowa, 427, 121 N. W. 1097; Holwerson v. Railway Co., 157 Mo. 216, 57 S. W. 770, 50 L. R. A. 858; Gahagan v. Railway Co., 70 N. H. 441, 50 Atl. 146, 55 L. R. A. 444; Rider v. Rapid Transit Co., 171 N. Y. 139, 63 N. E. 836, 58 L. R. A. 125; Watson v. Railway Co., 133 Mo. 246, 34 S. W. 574; Green v. Railway Co., 143 Cal. 31, 76 Pac. 719, 101 Am. St. Rep. 76; Smith v. Railway Co., 114 N. C. 728, 19 S. E. 863, 923, 25 L. R. A. 297; Farmer v. Railway Co., 88 N. C. 570; Meredith v. Railway Co., 99 N. C. 581, 582, 5 S. E. 659;

Drown v. Railway Co., 76 Ohio St. 234, 81 N. E. 328, 329, 10 L. R. A. (N. S.) 421, 118 Am. St. Rep. 844; O'Brien v. McGlinchy, 68 Me. 552, 558; Ward v. Railway Co., 96 Me. 145, 51 Atl. 947; Sher. & Red. Neg. vol. 1, § 101; Thomp. Neg. vol. 2, § 1666; Beach, Con. Neg. §§ 54 to 59.

"The duty of the defendant's employé to avoid the injury to the plaintiff, approaching its track, was not greater than the duty of the plaintiff to avoid injury from the approaching car, and these duties were concurrent and continuous up to the moment of the accident." Powers v. City Ry. Co., supra.

"We think the better rule is that, except where the injury is willfully inflicted, or is inflicted under such circumstances as to amount to willfulness, the rule that contributory negligence is a good defense applies without qualification, unless the company is guilty of negligence subsequent to that of the plaintiff, and not merely contemporaneous and concurrent with that of the plaintiff." Holwerson v. Railway Co., supra.

"The negligence of neither is an excuse for concurrent want of care in the other, because for an injury resulting from the concurrent negligence of both neither can recover." Gahagan v. Railway Co., supra.

"The contributory negligence of the injured party cannot be taken from the jury, except in cases where it is clear that there was some new act of negligence on the part of the defendant that was the proximate cause of the injury. The negligence of the deceased, if any, was substantially concurrent with that of the defendant, if any. * * * In determining whether the cause of the accident is proximate or remote, the same test must be applied to the conduct of the injured party as is to be applied to the defendant. The conduct of the latter cannot be judged by one rule and that of the former by some other rule." Rider v. Rapid Transit Co., supra.

"In order to avoid the effect of the unquestioned negligence of deceased, plaintiff charges that defendant's employés failed to observe proper care, after the peril to which he had exposed himself was known to them. * * * The rule is thus invoked, which is well settled in this state, that, though one has negligently placed himself upon a railroad track in front of a moving train, those operating it owe him the duty of care to avoid injuring him, and his previous negligence will not bar a recovery if injury results to him from neglect of such duty. But to carry this doctrine to the length of saying that one, who knowingly crosses the track of a railway in such close proximity to a moving train as to be struck thereby before he could cross would not be guilty of concurring negligence would virtually abolish the law of contributory negligence altogether, and render nugatory a long and uniform line of decisions of this court. Boyd v. Railway Co., 105 Mo. 371, 16 S. W. 909, and cases cited. The rule first stated presupposes a previous, or in point of time a prior, negligence of plaintiff, the effect of which could be avoided by defendant. It does not exempt plaintiff from the consequences of his own contemporaneous negligence, which is an immediate, direct, and proximate cause of the injury. 'Where the negligent act or omissions of the parties to the action were contemporaneous, or, what is to say the same thing, when the catastrophe is the result of concurring or mutual acts of negligence, the plaintiff cannot recover damages.' Beach, Contrib. Neg. § 56." Watson v. Railway Co., supra.

"It (the rule as to discovered peril) has no application, however, to a case where both parties are guilty of concurrent acts of negligence, each of which, at the very time when the accident occurs, contributes to it." Green v. Railway Co., supra.

"Whether the plaintiff was guilty of con-tributory negligence depends upon whether his act 'was a proximate or a remote cause. If the act is directly connected so as to be concurrent with that of the defendant, then his negligence is proximate and will bar his recovery.'" Smith v. Railway Co., supra.

"If the plaintiff's negligence merely put him in the place of danger, and stopped there, not actively continuing until the moment of the accident, and the defendant * * * knew of his danger, * * * then, if the plaintiff's negligence did not concurrently combine with defendant's negligence to produce the injury, the defendant's negligence is the proximate cause of the injury, and that of the plaintiff is a remote cause. This is all there is of the so-called doctrine of 'the last chance.'" Drown v. Railway Co., supra.

"It is not enough that a defendant might, by the exercise of due care upon his part, have avoided the consequence of the plaintiff's negligence, when that negligence is contemporaneous with the fault of the defendant. But, if the plaintiff's negligence is so remote as not to be a proximate cause contributing to the injury, then a defendant's failure to exercise due care to avoid the consequences of the plaintiff's earlier and remote negligence, when, by the exercise of such care, it could have been avoided, will render the defendant liable." Ward v. Railway Co., supra.

"The foregoing rule (as to discovered peril) obviously does not apply, where the plaintiff's contributory negligence is in order of causation either subsequent to or concurrent with that of defendant. Therefore, while one negligently walking upon a railroad is generally entitled to recover if the engineer, seeing him, makes no effort to check the train, he cannot recover if, after becoming aware of his danger, he makes no proper effort to escape." Sher. & Redf. Neg., supra.

"Where a traveler recklessly thrusts himself in front of a moving train, his injury is ascribed to his own rashness and folly as its proximate cause; and this is generally held to be so, without any regard to the negligence of the man in charge of the engine or train, unless the same is so gross as to amount to willfulness or wantonness." Thompson Neg., supra.

"When the negligent acts or omissions of the parties to the action were contemporaneous, or, what is to say the same thing, when the catastrophe is the result of concurring or mutual acts of negligence, the plaintiff cannot recover." Beach Contrib. Neg., supra.

The case of Railway Co. v. Jacobson, supra, viewed only with reference to certain language therein, would seem to be against the conclusion which we have reached as hereinbefore set out. But the language of every case should be construed with reference to the facts thereof, and, in so far as it is not applicable to the facts, it is dicta. In that case, the deceased was upon a bridge in the discharge of his duty, and therefore was not guilty of negligence in being there. He did not discover the approaching train until it was within "one telegraph pole" of him. His failure to leave the railway motorcycle upon which he was riding and jump off the bridge, if he could have done so in time to have saved himself, was not negligence.

"Negligence will not be imputed to a person who, under an impulse of sudden terror, acts erroneously, commits an error of judgment or, in general, acts differently from the manner in which a man exercising reasonable or ordinary care would act under the circumstances." Thomp. Neg. § 1616.

Thus it appears from the undisputed facts that deceased was not guilty of negligence at all, and hence the doctrine of contributory negligence was not in the case. On the other hand, the engineer discovered the deceased upon the bridge when he was 2,040 feet from him, within which distance the train could have been stopped; but, if he had not discovered the deceased, his failure to do so was negligence, and therefore the company was liable, the deceased not being negligent. This was recognized by the court delivering the opinion therein, as shown from the following excerpt therefrom:

"We understand the law to be that, as to persons rightfully on the track where the operatives of a train may expect them to be, the operatives owe the general duty of lookout and must exercise ordinary care to discover them, as well as to avoid injury after the peril is discovered. * * * Under the portion of the charge complained of, this duty was imposed and no more."

It appearing from the undisputed evidence in the case that the railway company was guilty of negligence, and that the deceased was not guilty of negligence, the writ of error was properly refused by the Supreme Court. It appears that the appellant in that case requested a charge to the effect that, if the deceased discovered his peril in time to avoid the injury, and failed to do so, he could not recover, which charge was refused. The requested charge is not set out. It was rightfully refused, for the reason that the evidence did not raise the issue of negligence on the part of the deceased.

Commenting on the issue sought to be raised by the requested charge referred to, the court said:

"The doctrine of liability upon the discovered peril of one in fault is based upon the grounds of public policy, which forbid the killing or maiming of another even with his consent or acquiescence, and this high duty to avoid such consequences would devolve on the operatives, * * * whatever the fault of the person in peril."

We concede the correctness of the statement that, under such circumstances "this high duty to avoid such consequences would devolve on the operatives, * * * whatever the fault of the person in peril," but not that the violation of such duty would, in all cases, render the party inflicting the injury liable in damages. The duty to avoid negligently injuring another is binding in morals in all instances, but, upon the ground of public policy, the law will not permit the injured party to recover, if his negligence is likewise a proximate cause of his injury. The rule which forbids one to recover if he is guilty of contributory negligence is also based upon public policy. It is true the law would punish one criminally who took the life of another at his request, but we know of no rule of public policy that would allow one, who was injured in an attempt to take his life at his request, to recover damages for such injury. If two men should

fight a duel and each should wound the other, each would be guilty of a penal offense, but we apprehend that neither would be compensated for his wrong by allowing him to recover damages from the other wrongdoer. The law punishes the offense for the protection of society, but does not award damages to the wrongdoer.

The statement of the court in the Jacobson Case, supra, 28 Tex. Civ. App. page 156, 66 S. W. 1114, that "the courts have not sought to justify it (the doctrine of discovered peril) on the * * * ground that the defendant's failure to resort to every means at hand to prevent the disaster is a new and intervening cause," is not correct, and is not sustained by the cases referred to, viz., McDonald v. Railway Co., 86 Tex. 1, 22 S. W. 939, 40 Am. St. Rep. 803, Railway Co. v. Staggs, 90 Tex. 461, 39 S. W. 295, and Railway Co. v. Breadow, 90 Tex. 27, 36 S. W. 410. In neither the McDonald nor the Breadow Case was the peril of the injured party discovered before the infliction of the injury. The language used by Mr. Justice Denman in the Breadow Case was dicta, but we concede that it is a correct statement of the law as applicable to the facts of that case. He distinctly rests the liability of the company upon its failure to exercise proper care after the discovery of the peril as being "a new and intervening cause." He refers to it as a "new duty." It was the duty of the engineer to keep a proper lookout. It was also the duty of Breadow to keep a proper lookout. Failure to discharge such duty by both of the parties would have made an ordinary case of contributory negligence; but if the engineer had discovered Breadow's peril and had realized that Breadow had not discovered his peril, though he was negligent in failing to do so up to the very time of his injury, the principles of humanity, as well as public policy, imposed upon the engineer a new duty which superseded and put out of the case both his former duty to discover the peril and Breadow's duty to exercise due care, and made the failure to avoid the injury after such discovery the new and sole proximate cause of such injury. This is but a proper application of the doctrine of Davies v. Mann, and, as shown by the authorities hereinbefore cited, is all there is in the doctrine of discovered peril or last chance.

In the Staggs Case the jury were charged that if Staggs, after becoming aware of his danger, either willfully or negligently failed to leave the track in time to avoid being struck, he could not recover. Railway Co. v. Staggs, 37 S. W. 612. No error was assigned upon this portion of the charge. The question certified to the Supreme Court was as to whether the plaintiff was entitled to recover, notwithstanding the negligence of the deceased—

"if the train operatives, after discovering Staggs upon the track between a quarter and a half a mile in front of the moving train, failed to use

the care of ordinary prudence to *discover in time to prevent or lessen the injury when* he was in actual danger, and that he would not probably leave the track in time to prevent the injury." (Italics ours.)

Thus it appears that the question was as to negligence in failing to discover the peril of the deceased, and not as to the duty of the engineer after discovering such peril. The only thing decided by the Supreme Court in the Staggs Case was:

"The district court erred in charging the jury as stated in the question." Ry. Co. v. Staggs, 90 Tex. 461, 39 S. W. 295.

Appellant's tenth assignment of error relates to the refusal of the court to give the following special charge:

"Gentlemen of the jury: The court in its main charge has presented the question of discovered peril, which is commonly known as the humanitarian doctrine, which means that, notwithstanding plaintiff's negligence or contributory negligence in his failure to exercise ordinary care in approaching and attempting to cross defendant's track, if the person in charge of the operation of the street car discovered the impending danger of collision with the plaintiff's wagon in time to have avoided danger by stopping the car with the means and appliances at hand, a new duty arose, and if the persons in charge of the street car did realize the danger and peril, and if they did fail to utilize the means at hand by which they could have stopped the car and averted the danger before the plaintiff drove upon the track, in front of the moving car, then the defendant would be liable for the injury inflicted upon plaintiff; provided, however, that if you believe from the evidence that the said plaintiff, J. A. Wilson, failed to use such care as an ordinarily prudent man would, under the same or similar circumstances, in approaching and attempting to cross defendant's track, then the said Wilson was at the time of the collision engaged in an act of negligence, and concurrent negligence which continued so far as he was concerned up to the very time of the collision, and in such case what is known as the rule of discovered peril does not apply, and you will return a verdict for the defendant."

For the reasons heretofore stated, the refusal to give this charge was error.

Special charge No. 9, as set out in the fifteenth assignment of error, should have been given, except for the fact that that portion of the same which instructed the jury that the motorman and conductor had a right to presume that the plaintiff would stop his wagon, before it collided with defendant's car, would, under the facts of this case, have been a charge upon the weight of evidence.

[5] The court did not err in its charge with reference to the injury suffered by appellee, by reason of the treatment which he received subsequent to his injuries, nor in refusing the special charge requested in reference to such matter. A party who is injured by the fault of another is required to use only ordinary care in order to prevent the aggravation of his injuries. Railway Co. v. McKenzie, 30 Tex. Civ. App. 293, 70 S. W. 237; Railway Co. v. Duncan, 55 Tex. Civ. App. 440, 120 S. W. 368.

Appellant assigns error as to the misconduct of the jury. As this case is to be reversed upon other points, we will not pass upon the issue as to whether or not the misconduct shown was sufficient to warrant a reversal of this cause, but will content ourselves with saying that the conduct of the jury complained of was improper.

We have carefully examined all of the assignments of error in this case, and the points of law raised in some of those which we overrule are worthy of more extended comment than we have given them; but, as this opinion has unavoidably attained such great length, we will not further discuss such issues.

For the reasons stated, this case is reversed and remanded for a new trial.

Reversed and remanded.

KEY, C. J. (dissenting). While I indorse much that is said in the able opinion of Mr. Justice JENKINS in this case, I do not concur in the result reached, and do not believe that the case should be reversed. The reversal is based upon alleged error in the sixteenth paragraph of the trial court's charge, and the action of that court in refusing to give a requested instruction, both of which are set out in the majority opinion. Since the amendment of 1913, it is now statutory law in this state that objections to charges given, or exceptions to the action of the trial court in refusing charges that are not made before the case is submitted to the jury, shall be regarded as waived; and the effect of that statute is to preclude a complaining litigant from urging any objection in that regard which was not presented to the trial court in time for correction by that court. So it becomes important in this case to note the objections urged by appellant in the court below against paragraph 16 of the charge, and, as revealed by the transcript, the only objections so urged were as follows:

"The defendant specially excepts to all that part of paragraph 16 of the court's main charge wherein the doctrine of discovered peril is attempted to be stated to the jury, because the jury are told that if it appeared to the motorman in charge of the car that J. A. Wilson would not probably stop before he reached said track or would not pass over the same in time to avoid a collision with said car and that the plaintiff was in peril, etc., because the said charge wholly ignores the principle of law that the motorman in charge of the car had a right to presume that the plaintiff would not drive upon defendant's track in front of the moving car, but would stop before he reached the same, and that the defendant owed him no duty other than ordinary care until it actually discovered and realized the plaintiff's perilous position and that he could or would not extricate himself therefrom. The said charge further ignores the concurrent negligence of the plaintiff in connection with the acts and negligence, if any, on the part of the defendant company or its agents, servants, and employés in charge of the car. If the concurrent acts of negligence operated with the concurrent act of the defendant, then the doctrine of discovered peril would not apply, and the plaintiff would not be entitled to recover."

The first objection set out above is not strenuously urged in this court, nor sustained by the majority opinion, and is not

tenable, because the charge complained of required the jury to find that the motorman realized that the plaintiff was not going to stop and was in actual peril before he, the motorman, was required to take steps for his protection, etc. The second objection is vigorously urged by appellant's counsel, and is sustained by the majority opinion; and those are the only questions this court is called upon to decide in reference to that paragraph of the court's charge, or the refusal of the court to give the requested instruction set out in the majority opinion. Attention is called to these facts in order to prevent misconstruction, as I do not desire to have it understood that I believe the paragraph of the court's charge referred to is free from all objections that might have been made to it. In fact, if it had been objected to, as withdrawing from the jury the question of the motorman's negligence or want of care in taking steps to prevent the injury, and thereby violating the statute which prohibits a trial judge from commenting upon the weight of the testimony, I am strongly inclined to the view that such objection, if timely made and preserved, would have required a reversal of the case, unless it be that such error was invited by appellant's special charge set out in the majority opinion, which seems to state the duty of the motorman, after discovering appellee's perilous situation, in substance the same as in the court's charge. S. A. & A. P. Ry. Co. v. Hodges, 102 Tex. 524, 120 S. W. 848. In the case cited, the Supreme Court said:

"We think it proper to say that we agree with counsel for plaintiff in error in their contention that the duty of those operating an engine and discovering a person in peril in its path is to exercise ordinary care, that is, such care as persons of ordinary prudence in their situation would use, to avoid injury. The difference in the expressions on the subject found in the decisions is due to the fact that some of them state this legal standard of duty, while others describe the diligence to be employed to constitute such ordinary care—the performance of the duty. In situations of such imminent peril, the care of an ordinarily prudent person consists of a very high degree of diligence to avert injury, and the decisions discussing the question mean this rather than that more than ordinary care is exacted by law. That degree of care is all that any one owes to another, except when certain special relations exist. The jurors trying a case are the judges as to what constitutes this ordinary care, and, abstractly, it is improper for the court in its charge to decide for them just what should or should not have been done by the party whose conduct is under investigation. But it is also often true that a charge that is addressed to the particular things that should have been done rather than to the legal standard of duty is unobjectionable because, practically viewed, it exacts no more than the doing of that which obviously was necessary under the facts of the particular situation to constitute the care required, and therefore does not invade the province of the jury. But whenever a real question exists under evidence, whether or not precautions should have been taken, other and different from those which the party judged to be sufficient, and therefore took, that question is for the jury to decide by applying

the standard of care of a person of ordinary prudence, and it should be left to the jury by the charge. In this case the charge made the defendant liable, if the fireman discovered the peril of the deceased and could have signaled the engineer in time for the latter to have averted the accident by stopping the engine. Under the facts of this case, the charge assumed nothing about which there could be any question. The fireman, but not the engineer, saw the deceased at work on the track for a long distance as the engine approached him, but took no precaution until too late, assuming that deceased would get out of the way. The true question was submitted to the jury and was, did the fireman soon enough realize the perilous situation to have prevented the catastrophe, and not what measures he ought to have taken to that end. That, if he discovered the danger, he ought to have had the engine stopped, admits of no question."

The reason given in the Hodges Case for holding that it was not reversible error to depart from the rule of ordinary care in that case does not exist in this case; but it is not necessary to further consider that question, because, as that objection was not made to the charge in the trial court, it must be regarded as waived, and cannot be considered on appeal as fundamental error or otherwise, because the statute referred to declares that all objections not so made shall be regarded as waived.

In Railway v. Jacobson, 28 Tex. Civ. App. 150, 66 S. W. 1111, it was contended on behalf of the railway that, although its employés may have discovered the perilous situation of the deceased, and may have been guilty of negligence in failing to use the means at hand to prevent injuring him, nevertheless, if the deceased was guilty of contributory negligence at the very time of his injury, the plaintiff could not recover. The very clear and satisfactory opinion of the Court of Civil Appeals in that case was prepared by Mr. Justice Gill, who dealt with that question as follows:

"The charge of the court on contributory negligence is assailed upon two grounds: First, because it charges the law of discovered peril as a part of the law of contributory negligence; and, second, because, in the event it should appear that the operatives of the train discovered the peril of deceased in time to have avoided the injury, a recovery was permitted, even though deceased saw the train in time to escape, and negligently failed to do so. This latter point was also presented by special charges, which were refused.

"Regarding the first objection, we are of the opinion the court did not err in the respect complained of. The law of discovered peril, or the duty arising therefrom, when the peril is due to the negligence of the party injured, is in a sense a part of the law of contributory negligence—a modification of the rule forbidding a recovery by reason thereof. Under one phase of this case, contributory negligence of deceased did not necessarily defeat a recovery, and the court in that connection properly called to the attention of the jury the law which, under a certain state of facts, would permit a recovery notwithstanding the fault of deceased.

"Under the second objection, appellant contends that, while it is true if the negligence of a person places him in a position of peril, and the company's servants in charge of an approaching train discover his peril in time to avoid injury, and fail to do so, the company is liable, notwithstanding the fault of the per-

son injured, yet this is true only in a modified sense; that is to say, when the negligence of the injured person is not continuous and existent at the time of the injury. And it is not true if the person injured also discovers his peril in time to avoid it, but continues his negligent course after discovery of peril, and does nothing to save himself.

"The idea of appellant's counsel seems to be that, if the recklessness of the person in peril, but able to save himself by the exercise of ordinary care, is equal to the recklessness of the train operatives who might avert the injury by a resort to the means at hand, but do not, there can be no liability. The doctrine of liability upon the discovered peril of one in fault is based upon grounds of public policy which forbid the killing or maiming of another, even with his consent or acquiescence, and this high duty to avoid such consequences would devolve on the operatives of a train, whatever the fault of the person in peril. It seems to us the very reasons which underlie the doctrine constitute a complete answer to appellant's contention. In such a case, the question of negligence on the part of the operatives is in a sense eliminated. The duty to resort to every means at hand, consistent with the safety of the train, to avoid the injury is absolute, and the failure to do so partakes of the nature of a wanton wrong, against which no act on the part of the person injured will be a defense. The rule has been adopted without qualification in this state. The courts have not sought to justify it on the questionable and technical ground that the defendant's failure to resort to every means at hand to prevent the disaster is a new and intervening cause. It is based rather on the broad ground of public policy, which forbids the interposition of such a defense by a wrongdoer, who knowingly fails to prevent the destruction of a human life when he can. McDonald v. Railway, 86 Tex. 1, 22 S. W. 939, 40 Am. St. Rep. 803a, and authorities cited; Railway Co. v. Staggs, 90 Tex. 461, 39 S. W. 295; Railway Co. v. Breadow, 90 Tex. 27, 36 S. W. 410."

The appellant in that case made application to the Supreme Court for writ of error, which application has been examined by the writer, and shows that the ruling of the Court of Civil Appeals, indicated by the foregoing excerpt from its opinion, was vigorously assailed; and, in the argument of the counsel presenting the application, some of the authorities referred to in the majority opinion in this case were cited in support of the doctrine there contended for and sustained and applied by this court in this case. The Supreme Court refused to grant a writ of error in that case, which, in my judgment, elevates that decision to the plane of final authority against the doctrine announced and applied by the majority opinion in this case. An attempt is made in the majority opinion of this court to distinguish this from the Jacobson Case, upon the theory that the evidence in that case did not raise the issue of contributory negligence, because the deceased was rightfully upon the railroad track; had no time to escape and was so frightened and terrorized as to relieve him from the charge of negligence. The report of the case in the books does not undertake to set out all the testimony, but the trial court, the Court of Civil Appeals, and, presumably, the Supreme Court considered the question of contributory negligence as involved in the case;

and, in my judgment, the facts recited in Judge Gill's opinion justified that assumption, and there may have been other testimony not adverted to by Judge Gill. His opinion discloses that there was testimony tending to show that the bridge on which the accident occurred was less than six feet from the ground; that, when the engine of the approaching train was as far away as one telegraph pole, the deceased looked back and made a signal for the train to stop, but made no effort to get off of the bridge and the train ran upon and killed him. There was no direct testimony that he became frightened or terrorized, and for that reason failed to jump from the bridge; but a proper charge upon that subject was given and, assuming that the testimony raised that question, nevertheless, in my opinion, it was the duty of the trial court to instruct the jury as to what effect the law would give to his negligence, if any, in failing to get off the bridge after he discovered the approach of the train. The trial court performed that duty by instructing the jury that, if the engineer in charge of the train, after discovering deceased's perilous position, failed to exercise ordinary care for his protection, the railway company would be liable, although the deceased may have been guilty of contributory negligence in remaining upon the track. It was contended in that case, as is held by the majority opinion in this case, that, if the negligence of the deceased existed at the very time of the injury, the plaintiffs were not entitled to recover. It will not do to say that the question of contributory negligence was not involved in that case, for the reason that, when the deceased discovered the approaching train, it was too near for him to avoid injury by jumping off the bridge. Judge Gill's opinion does not disclose just how near the train was when the deceased discovered it, but states that the engineer testified that it was one telegraph pole away There may have been other testimony showing that, upon that road, telegraph poles were such distance apart as to indicate that the deceased had time to avoid injury by jumping from the bridge after discovering the approaching train.

So it is that I am unable to concur in the review of that case contained in the majority opinion, and feel quite sure that it was intended by both the Court of Civil Appeals and the Supreme Court to hold that, in cases involving the doctrine of discovered peril, the negligence or wrongful conduct of the injured party, though continued up to and existing at the very time of the injury, will not avail as a defense. In my judgment, in order for the doctrine of discovered peril to apply and avoid the defense of contributory negligence, the conduct of the party sought to be held liable must be either willful or wanton, and whatever proof will show that the conduct referred to was neither willful nor wanton will take the case out of the doctrine of discovered peril. However, the Supreme

Court of this state seems to have established the doctrine that when a person in charge of a railroad engine, street car, or other dangerous instrumentality, discovers that another person is in imminent peril of being seriously injured by his manner of operating it, and fails to exercise ordinary care with the means then at hand to prevent the injury, he is deemed in law to have willfully or wantonly inflicted it. Whether or not that is the sounder rule, and the best that could have been adopted, need not be discussed in this case. The law relating to discovered peril seems to have afforded room for divergent views among various courts; and, although I may be of opinion that it would have been better to have held, in direct terms, that in order to avoid the defense of contributory negligence, it must be made to appear that the conduct of the person complained of was willful or wanton, and then leave it for the jury to determine, from all the facts and circumstances, whether the conduct in each case is of that character, without undertaking to declare that when the perilous situation is discovered, the failure to exercise ordinary care will establish the fact that such conduct was willful or wanton. When, in the course of judicial procedure and development in this state, it became necessary for the Supreme Court to deal with the question of contributory negligence in connection with discovered peril, that tribunal was confronted with confusing, and, in some instances, conflicting decisions in other jurisdictions; and, having established a doctrine which can be understood and applied, and which is supported by sentiments of humanity, I believe that inferior tribunals should acquiesce and apply the doctrine so established.

Appellee's petition presented the question of discovered peril substantially as submitted in the court's charge. There was no testimony tending to show that, on the occasion in question, appellee attempted to commit suicide, nor did the testimony, in my opinion, raise any issue of reckless conduct on his part; but it did present the question of contributory negligence, and that was the only question relating to appellee's conduct that appellant asked to have submitted to the jury. That question was submitted in the fourteenth paragraph of the court's charge set out in the majority opinion and in another charge, given at appellant's request, more specifically applying the doctrine of contributory negligence, and it was applicable as a defense as against any negligence charged against the motorman prior to his discovery of the imminent danger and peril in which appellee became involved, by reason of his going upon the track immediately in front of the nearby and approaching car. The court then in the sixteenth paragraph of its charge instructed the jury as to what would constitute a modification of the general doctrine of contributory negligence as a defense, if the motorman discovered appellee's perilous situation, etc.,

and refused appellant's requested instruction set out in the majority opinion, by which it was sought to have the jury instructed that, if appellee was guilty of negligence at the very time of the collision by which he was injured, such negligence would constitute a bar to his right to recover damages. Appellant did not request the court to instruct the jury as to what rule of law would govern in the event they found that appellee willfully or recklessly thrust himself in front of an approaching car, realizing the fact that he would probably be injured by so doing; and therefore, in my judgment, that question is not involved in this case, and calls for no discussion on my part.

Appellant has presented no assignment of error challenging the verdict of the jury as being unsupported by testimony, otherwise than assignments complaining of the action of the trial court in refusing to peremptorily instruct a verdict for it. The majority opinion does not base the reversal upon that ground, and the writer is of the opinion that the peremptory instruction was correctly refused.

I concur in so much of the majority opinion as rules against appellant on several questions discussed therein; and, as I do not concur as to the grounds upon which the reversal is based, it follows that I am of the opinion that the judgment should be affirmed.

### On Motion for Rehearing.

JENKINS, J. Upon a more careful consideration of special charge No. 10, requested by the appellant, we have concluded that it does not clearly present the issue of discovered peril on the part of the plaintiff, but might have been construed by the jury as meaning that if plaintiff was guilty of negligence "in approaching and attempting to cross defendant's track" by reason of his failure to look for and discover the approach of the car, and that such negligence continued up to the time of the collision, he could not recover. For this reason, we withdraw so much of our original opinion herein as holds that the court erred in refusing to give special charge No. 10.

The able attorneys for appellee have filed herein a motion for a rehearing and a forcible argument in support thereof, which evidences much learning and great research, but it has failed to convince us that we erred in our holding as to the effect of discovered peril on the part of the plaintiff.

We here briefly restate our holding upon this point as follows: Though the plaintiff was guilty of negligence in failing to discover the approach of the car before driving upon the track, and this negligence continued up to the moment of the collision, and, but for the doctrine of discovered peril, would be a concurring, proximate cause of his injury, yet, if the defendant discovered plaintiff's peril in time to have avoided injuring him,

and negligently failed to do so, the law, upon humanitarian grounds, excludes from the consideration of the court and jury such negligence of the plaintiff, and leaves the negligence of the defendant as the sole proximate cause of the injury. But, if the plaintiff also discovered his peril, and thereafter negligently failed to avoid the threatened injury, his subsequent act of negligence becomes a concurring, proximate cause of his injury, and he cannot recover.

Appellee cites the recent case of Railway Co. v. Rosenbloom, 173 S. W. 215, wherein the court said: "The negligence of the party killed is no defense to an action based on discovered peril." But in that case there was no act of negligence done by the deceased after he discovered his peril. All that he did was to attempt to escape from his peril. Rosenbloom was at work where he had the right to be. We quote from that decision as follows:

"It does not appear in the statement of facts that any notice was given to Rosenbloom so that he might have escaped before the engine came so near to him. * * * There is no * * * negligence on his part, except the fact that under the conditions he attempted to make his escape on the side track in front of the approaching engine."

It is well settled that this did not constitute negligence. The engineer had the right, in the absence of any one's being where Rosenbloom was, to run upon the side track; so that, but for his discovery of Rosenbloom's peril, he would not have been guilty of negligence. The engineer saw Rosenbloom when he started across the track, and so the only issue was as to whether the engineer "failed to use all necessary efforts to avoid killing him." This was the only issue submitted by the trial court, and the issue before the Supreme Court was as to whether the trial court erred in so doing. The Supreme Court held that this was not error. This decision does not contravene our holding in the instant case.

[6] Appellee insists that though the law be as announced in the majority opinion of this court, this case ought not to be reversed for the reason that contributory negligence on the part of the plaintiff, after he discovered his peril, was not alleged by the appellant.

We quote from the twenty-ninth paragraph of appellant's answer as follows:

"That he (plaintiff) was in plain view of defendant's car as it was moving south over its line on Twelfth street in the city of Waco at a reasonable rate of speed; that said plaintiff recklessly and negligently drove his horse and wagon upon defendant's track, without making any effort whatever to avoid a collision between his said wagon and the defendant's moving car."

It is true that there is not here a specific allegation that appellee saw the car, and perhaps it was not a good plea of discovered peril on the part of the plaintiff as against a special demurrer. But no exception was taken, and we think it is sufficient in the absence of exception. A common acceptation of recklessness is a disregard of apparent or apprehended danger; and when it is alleged, as in the instant case, that appellee was in plain view of the moving car and recklessly drove in front of it, we think that it should be construed, in the absence of any exception thereto, to mean that he saw the car and realized that there was danger in attempting to cross the track in front of it.

In Railway Co. v. Wallace, 164 Ala. 209, 51 South. 371, the court said:

"As the complaint charges negligence subsequent to a discovery of the plaintiff's peril, he was chargeable only with negligence after becoming conscious of his danger. * * * The special pleas failing to aver knowledge by the plaintiff of his peril or that he was guilty of any negligence, subsequent to a discovery of his peril, were subject to the demurrers interposed."

To the same effect is Railway Co. v. Turney, 183 Ala. 398, 62 South. 887. But in each of these cases there was a special exception to the defendant's answer in so far as it attempted to set up discovered peril on the part of the plaintiff, and his subsequent negligence.

For the reasons stated, the motion for rehearing is overruled.

Motion overruled.

KEY, C. J. For the reasons stated in my dissenting opinion heretofore filed, I think the motion for rehearing should be granted; and therefore I dissent from the action of this court in overruling the same. I concur in the construction placed upon the pleadings.