GULF, COLORADO AND SANTA FE RAILWAY COMPANY v. ESTELLE SLATER.

Decided February 24, 1900.

**Imputed Negligence—Doctrine Not Applicable.**

Where, in an action for personal injuries resulting from a train colliding with a wagon, the evidence showed that plaintiff was driving his own wagon, in which two other persons were also riding by his consent, but did not show any joint management or understanding between such parties, it was not error for the court to refuse charges invoking the doctrine of imputed negligence.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*J. W. Terry,* for appellant.

*Capps & Canty,* for appellee.

CONNER, CHIEF JUSTICE.—The appellee was driving a wagon, in which was also one W. J. Gilvin and his child, which came in collision with a train of the appellant on the crossing of Peach Street in the city of Fort Worth, Texas. This is a companion case to Railway v. Gilvin, now pending in this court. Appellee was injured in the collision stated, and in his suit therefor, predicated upon the several acts and omissions set forth in his petition and charged to be negligent, recovered below a judgment for $9500.

No complaint is made of the sufficiency of the petition, and it is admitted that the evidence on all of the essential issues, though conflicting in some particulars, is sufficient to support the verdict of the jury, including the amount assessed as damages, and the only assignments of error presented involve objections to the general charge of the court and to the refusal of two special instructions requested by appellant. We have carefully examined each of the assignments, and do not think it necessary or profitable to set out or discuss the court's charge, but deem it sufficient to say that we think it a very carefully prepared and able exposition of the law as it applied to the facts of this case; and all assignments to the general charge are therefore overruled without discussion. The charges requested invoke the doctrine of imputed negligence, which were, we think, properly refused under the circumstances of this case. The proof showed that plaintiff was driving his own team, Gilvin and son being mere occupants with plaintiff's consent, and there

is no evidence tending to show a joint undertaking or enterprise necessitating the submission of the law as presented in these special charges. See Railway v. Kutac, 72 Texas, 643.

No error appearing, we think the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.