SCATES v. RAPID TRANSIT RY. CO.
(No. 7198.)

(Court of Civil Appeals of Texas. Dallas. Nov. 21, 1914. Rehearing Denied Dec. 19, 1914.)

1. STREET RAILROADS (§ 103*)—INJURIES TO PERSONS ON TRACKS—DISCOVERED PERIL.

To apply the doctrine of discovered peril, the party injured must be actually discovered in a position of danger by those operating the train or cars, and the fact that the operatives did not keep the required lookout furnishes no basis for an application of the doctrine.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 219; Dec. Dig. § 103.*]

2. STREET RAILROADS (§ 100*)—INJURIES TO PERSONS ON TRACKS—DEFENSES.

Where one run down by a street car received his injuries because of his intoxication, he is as a matter of law guilty of contributory negligence, defeating recovery.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 217; Dec. Dig. § 100.*]

3. STREET RAILROADS (§ 98*)—INJURIES TO PERSONS ON TRACKS—CONTRIBUTORY NEGLIGENCE.

Where an intoxicated man negligently stepped in front of an approaching street car, his would-be rescuer stands in the same position as the intoxicated man, and the negligence of the latter is attributed to the rescuer, so that no recovery can be had against the street car company, though its servants were also guilty of negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204–208; Dec. Dig. § 98.*]

4. STREET RAILROADS (§ 85*)—INJURIES TO PERSONS ON TRACKS—RIGHTS IN STREETS.

Street car lines, having franchises to operate their cars in the streets, have rights which pedestrians must recognize, and pedestrians cannot lie down in the street in such a manner as to interfere with the regular running of cars.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 150, 173, 183–185, 187; Dec. Dig. § 85.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by J. W. Scates against the Rapid Transit Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

M. M. Parks, J. C. Patton, and Lee Richardson, all of Dallas, for appellant. Thompson, Knight, Baker & Harris, J. Hart Willis, and Geo. S. Wright, all of Dallas, for appellee.

RAINEY, C. J. Appellant sued the appellee to recover damages for personal injuries caused to him by being struck with one of appellee's cars operated along Commerce street, in the city of Dallas, Texas. He alleged that he discovered an intoxicated and helpless man, by the name of Wells, down upon the defendant's railway track in said

street near the plaintiff, and so seeing said Wells, and believing him to be in danger of being killed or seriously injured by the movement of the defendant's street car or cars at or near said point, and appellant believing he could rescue said Wells from being struck by the defendant's said cars, and from death or serious bodily harm, appellant, being in the street, rushed to his assistance, and while in the act of attempting to rescue the said Wells from his said position of peril one of defendant's street cars ran into and against both the appellant and Wells, seriously and permanently injuring both of them; that defendant saw or could have seen him by keeping a vigilant watch and lookout ahead in approaching the place of accident in time to have prevented the accident, but failed to do so; that the car was run at a speed exceeding the limit fixed by an ordinance of the city of Dallas; and that appellant discovered his peril on the track in time to have prevented the accident by the use of the means at his command. The appellee answered by general and special exceptions, general denial, and specially contributory negligence. The appellant filed a supplemental petition, denying all the allegations in defendant's answer, except it admits appellant went upon the track in front of an approaching car.

The trial court instructed a verdict for appellee, and judgment was rendered accordingly. Appellant complains of the giving of said charge, and contends that:

"A pedestrian upon a street railway track in a public street of a city is not in any sense a trespasser, and he has the same right there as have the street cars of the company, and the company owes him the duty of ordinary care not to injure him, and there being no city ordinance or state statute making it negligence per se, or negligence at all, for such pedestrian to be there, and appellant having alleged in his petition both negligence per se and vel non of the defendant, proximately resulting in appellant's injuries, and having introduced testimony tending to establish said facts, the court erred in not submitting the question of the defendant's negligent and unlawful acts, as well as the question of contributory negligence on the part of the plaintiff, to the jury for their determination."

The evidence shows that one Wells, an acquaintance of appellant, was intoxicated and lying on the street car track. Appellant, seeing Wells' condition, and knowing a street car was coming, went to him and tried to pull him off the track. Wells' position was about 200 or 300 feet from the point of accident when the car was first noticed. It was night, but the track was straight and light, and by a lookout being kept he could have been seen 75 or 100 feet from the front of the car. Several witnesses testified the car was running about 15 miles per hour. The prescribed speed by ordinance is 12 miles per hour. The motorman did not see Wells or Scates on the track; but, as stated by one witness, he "was standing in a half turned position as if talking to some one." The appellant testified on direct examination, among other things, as follows:

"When I first saw Mr. Wells on the track, the car was south of the Trunk railroad—about 100 yards, or a little over that, south. The car never checked its speed that I know of before it struck us. My object in going to Mr. Wells was that I saw that he was down across the track, and I knew that he had to be moved off the track. I knew the car was coming. I could see the car coming down the track, and I knew it would come on, and I knew he had to be taken off of it some way. I saw his life was in danger, and I went to his rescue. I tried to get him away from there to keep him from being injured."

On cross-examination he further testified:

"I said I saw this car on the night of the accident in July when it was 300 feet away. I don't remember any lights, excepting one in the barber shop; but it is a small light. I might have seen more, but I don't remember any more. We were walking down together, and I was just a little bit ahead of him, and we were going to catch the car together, and go home together, and he fell down just behind me across the track. I got him on his feet and turned him loose, and he fell down; his clothes slipped some way. I had my arm around him this way, and his clothes slipped, and I lost my hold on him. He fell down right in the middle of the track, right between the two rails. The car struck him first in the back part somewhere, and it struck me on the side of this leg, and forced me down. I was right down in front of the car in the track. I pulled him away from the track over towards me."

[1] The evidence clearly shows, we think, that the motorman did not actually see either Wells or the appellant before striking them; hence there can be no liability of the appellee on the theory of discovered peril. That the motorman failed to keep a lookout, as it was his duty, and by so doing he could have seen their perilous situation, does not change the rule. It is well settled by the decisions of our Supreme Court that, to apply the doctrine of discovered peril to a railway company, the party injured must be actually discovered in a position of danger by those operating the train. Railway Co. v. Breadow, 90 Tex. 26, 36 S. W. 410; Railway Co. v. Staggs, 90 Tex. 458, 39 S. W. 295. These decisions have, since their rendition, been uniformly adhered to and followed by the Courts of Civil Appeals in many cases.

[2, 3] The evidence showing that the question of discovered peril does not arise in this case, and the evidence showing conclusively that Wells was guilty of contributory negligence in being intoxicated and lying on the track, the question arises: Is appellant chargeable with the negligence of Wells, and his right of recovery defeated thereby? When intoxication is shown to exist in the party injured, which is the cause of the injury, it as a matter of law is contributory negligence, and defeats a recovery, though the agency by which he is injured is guilty of negligence. Traction Co. v. Kelleher, 48 Tex. Civ. App. 421, 107 S. W. 64. Wells' dangerous position being brought about by his own negligence, and the negligence of appellee being in no sense responsible therefor, it

follows that appellant's right of recovery is defeated.

As we understand it, the rule is that, when a party seeks to rescue another from a perilous position, who has negligently placed himself in such position through no fault of the railroad, and the party attempting the rescue is injured, no liability on the part of the railway company exists, and he cannot recover. Linz v. McDonald, 133 S. W. 535; Railway Co. v. Scarborough, 104 S. W. 408; Donahoe v. Railway Co., 83 Mo. 560, 53 Am. Rep. 594. In Linz v. McDonald, supra, in which a writ of error was refused, this court said, through Mr. Justice Bookhout:

"The law is that, in an action by a servant to recover on account of injuries sustained in an effort to save the life of a fellow servant, the person whose rescue is attempted must be in a position of peril from the negligence of the defendant. In the case of Donahoe v. Railway Co., 83 Mo. 560, 53 Am. Rep. 594, the law is stated thus: 'If the railroad company is not chargeable with negligence with respect to the person in danger, the case of the person who attempted to rescue him and was injured must be determined with reference to the negligence of the company in its conduct toward him and his in making the attempt. In other words, the negligence of the company as to the person in danger is imputed to the company with respect to him who attempts the rescue, and if not guilty of negligence as to such person then it is only liable for negligence occurring with regard to the rescuer, after his efforts to rescue the person in danger commenced.' See, also, Railway Co. v. Hiatt, 17 Ind. 102; Railway Co. v. Ridley, 114 Tenn. 727, 86 S. W. 606; Railway Co. v. Lynch, 69 Ohio St. 123, 68 N. E. 703, 63 L. R. A. 504, 100 Am. St. Rep. 658. In the case last cited it was held by the Supreme Court of Ohio that the conditions upon which there may be a recovery on account of injuries sustained in an effort to save human life are that the person whose rescue is attempted must be in a position of peril from the negligence of the defendant. If Holmes was in a position of peril at the time appellee attempted to push him from the idler pipe, it cannot be said his peril was the result of the negligence of appellant. Under the facts we are of the opinion the court erred in refusing the charge requested by appellant instructing a verdict for defendant. The judgment is reversed, and judgment here rendered for appellant."

In Railway Co. v. Scarborough, 104 S. W. 409, by the San Antonio Court of Civil Appeals, it is said:

"One who imperils his own life for the sake of rescuing another from imminent danger is not chargeable as a matter of law with contributory negligence; and if the life of the rescued person was endangered by the defendant's negligence, the rescuer may recover for the injuries which he suffered from the defendant in consequence of his intervention. * * * This rule rests upon the law having such a high regard for human life it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of a prudent person. * * * It is apparent from the principles enunciated that the sine qua non of recovery in such a case is that the imminent peril from which one is sought to be rescued was caused by the negligence of the defendant. However commendable and praiseworthy may be the voluntary act of benevolence of one who imperils his life to save the life of his fellow man, its costs cannot be charged to and collected from another, unless his negligence was the occasion of such commendatory act. But wherever the party sought to be rescued from imminent danger could have himself recovered, had he been injured by the negligence of the defendant, he who undertook to rescue him from his peril can maintain his action for any injuries he may have incurred in his undertaking, if he were not so reckless in it as to defeat a recovery."

Contributory negligence being shown, the failure of appellee's servants to keep a lookout and the running at a greater rate of speed than permitted by the ordinance does not authorize a recovery in this case. In Railway v. Staggs, supra, Mr. Justice Brown says:

"If deceased was guilty of contributory negligence, his widow and children could not recover for failure to see him upon the track, or to discover his danger, because in such case their right of action would rest upon the negligence of the defendant, to which contributory negligence of the deceased would constitute a good defense."

In the case of Donahoe v. Railway Co., supra, in addition to the quotation made in the Linz Case, it says:

"It is to be observed that it is only when the railroad company, by its own negligence, created the danger, or through its negligence is about to strike a person in danger, that a third person can voluntarily expose himself to peril in an effort to rescue such person and recover for an injury he may sustain in that attempt. For instance, if a man is lying on the track of a railroad intoxicated or asleep, but in such a position that he could not be seen by the men managing an approaching train and they had no warning of his situation, and another, seeing his danger, should go upon the track to save his life, and he be injured by the train, he could not recover, unless the trainmen were guilty of negligence, with respect to the rescuer, occurring after the beginning of his attempt."

The evidence shows that after appellant made the attempt to rescue Wells he was not seen by the railway employés before that time, nor until after he was struck by the car.

[4] It is argued that Wells and appellant, being on the street, were trespassers, but had the same right there as the street cars, and the railway company owed them the duty not to injure them. This is true in a limited sense. While persons have a right to be on the streets, that right must conform to the rights of others using the streets. Street car lines are granted franchises to operate cars along tracks laid in the streets, and it is contemplated that pedestrians will not monopolize the streets; and, as cars have to be operated over the tracks, it is expected that pedestrians will recognize that condition, and not use the street occupied by the tracks for *bunking* purposes, or so as to interfere with the regular running of cars. Sidewalks are usually made and regular crossings prepared for the use of pedestrians. So the duty to each other is mutual, and the rights of both should be observed.

As we understand the evidence, the parties were on the track at a place other than a street crossing and putting the street to a

use never intended, and they were guilty of such negligence as prevents a recovery.

The judgment is affirmed.