SOUTHERN TRACTION CO. v. ROGERS et ux. (No. 5878.)

(Court of Civil Appeals of Texas. Austin. Jan. 16, 1918. Rehearing Denied Feb. 27, 1918.)

1. STREET RAILROADS ☞103(1)—INJURIES TO PERSONS—LAST CLEAR CHANCE DOCTRINE.

No recovery can be had under the last clear chance doctrine in the absence of proof that defendant's motorman discovered deceased's peril in time, by the exercise of due care and the use of the means at hand, to have prevented injury.

2. STREET RAILROADS ☞103(1)—INJURIES TO PERSONS—LAST CLEAR CHANCE DOCTRINE—KNOWLEDGE OF DANGER.

In action against railroad for death of a person on the track, under the discovered peril doctrine, negligence in failing to discover deceased's perilous situation is immaterial.

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by G. C. Rogers and wife against the Southern Traction Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

W. L. Templeton, Nat Harris and Allan D. Sanford, all of Waco, for appellant. R. L. Allen and Forrester & Stanford, all of Waco, for appellees.

KEY, C. J. Appellees concede the correctness of the following statement of the nature and result of this suit contained in appellant's brief:

"G. C. Rogers and wife, Lucy Rogers, instituted this suit in the district court for the Nineteenth judicial district of Texas, on September 13, 1916, for the recovery of damages resulting to appellees from the negligent killing of their son, Howard Rogers, a boy between the age of 16 and 17 years. Appellees allege that their said son was killed at the station Lacy on the line of the Southern Traction Company, on or about the 29th day of June, 1915, about 12:40 a. m., on said day; that the said Howard Rogers came to his death by reason of being run over or struck by one of appellant's cars being operated between the city of Dallas in Dallas county, Tex., and the city of Waco in McLennan county, Tex.; appellees in their petition alleging that the motorman in charge of said car saw their said son on or near appellant's track in a place of danger, and that the said motorman realized the peril of the boy in time so that by the use of all the means at hand he could have avoided killing or injuring said boy; that the motorman negligently failed and refused to use the means at hand to arouse their son to a sense of his danger, and wholly failed to use all the means at his command to avoid running over and killing their said son; that appellees further alleged that the said motorman, after discovering the peril and danger of their said son, wholly failed to put the car under proper control, or stop the same, or attempt to stop the same, and wholly failed to use all the means at his command for this purpose, so as to 'avoid injuring their said son; that by reason of said wrongful conduct and negligent failure of the appellant, through its said motorman, said car ran onto and struck their said son and so injured and wounded him that he died a few minutes thereafter; that said negligence and wrongful conduct of appellant was the proximate cause of their said son's death; that at the time of the death of their said son he was earning from $1 to $1.50 per day, and, had he not been killed, as he grew older would have made from $50 to $75 per month; that the said son was dutiful and affectionate, was the youngest child of appellees, and the support and maintenance of these appellees; that by reason of the negligent acts of appellant they were damaged in the sum of $10,000. Appellant answered by general demurrer and general denial, and specially pleaded contributory negligence of the said Howard Rogers, in that the said Howard Rogers went on and upon appellant's right of way with a full knowledge of the fact that cars of appellant passed the point at said Lacy station every hour, and with full knowledge that a car was due to pass said point shortly after 12 o'clock, and that appellees' said son knew the dangerous nature of said place and voluntarily and deliberately and negligently went upon appellant's said track and went to sleep, and that if he was injured his injuries were the result of the contributory negligence of appellees' said son in thus going to sleep on the track of appellant. Appellees by way of supplemental petition excepted to paragraphs 3, 4, and 5 of appellant's answer, wherein appellant pleaded contributory negligence, the ground of appellees' exception being that recovery was sought upon the ground of discovered peril, to which contributory negligence constitutes no defense. Upon hearing said exception the court sustained the same, to which action of the court in sustaining appellees' exception, as set forth in appellees' supplemental petition, appellant in open court excepted. This cause was tried to a jury and resulted in a verdict for the appellees in the sum of $1,000, and judgment in favor of appellees was entered against this appellant for $1,000."

Opinion.

All the questions of law presented by this appeal are well settled by former decisions

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in this state, and without discussing them here, we content ourselves with the statement that all of the assignments of error presented by appellant, except those which complain of the verdict, are overruled.

[1, 2] The plaintiffs' right to recover was based solely upon the ground of discovered peril, and in such cases it is well-settled law that no recovery can be had unless it be shown that the defendant, or his employé acting for him, became aware of the perilous situation of the injured party in time, by the exercise of reasonable and proper care, to have prevented the injury by the use of means at hand. When that rule of law is applied to railroad trains, it is immaterial that the person operating the train may have been guilty of negligence in not discovering the perilous situation of the person injured, because the duty to prevent injury does not exist until the person operating the train has knowledge of the fact that the other person is in a perilous situation.

In this case the verdict of the jury involves the finding to the effect that the motorman in charge of the car which struck and killed Howard Rogers discovered his perilous situation in time to have avoided striking him by the use of the means at his command, and that he negligently failed to do so. It would serve no useful purpose for us to recite and discuss the testimony bearing upon that vital issue, and therefore we content ourselves with saying that, in our opinion, the finding of the jury upon that question is not sustained by the evidence; at any rate, it is so contrary to the overwhelming weight of the testimony that we feel constrained to hold that the trial court should have granted appellant's motion, and set the verdict aside.

Appellant has requested this court to reverse and render judgment in its behalf, and, while we have had some difficulty in that regard, we have reached the conclusion that the case should be remanded for another trial.

Reversed and remanded.