### EASTERN TEXAS ELECTRIC CO. v. SMITH et ux. (No. 1553.)*

Court of Civil Appeals of Texas. Beaumont.
July 7, 1927.

Rehearing Denied Sept. 28, 1927.

**1. Trial ☞352(5)—Special issue held erroneous as intermingling several controverted issues (Rev. St. 1925, art. 2189).**

In action for death of automobile occupant in collision with street car, special issue submitting question of discovered peril *held* erroneous as violating Rev. St. 1925, art. 2189, in that it intermingled issues of discovered peril, negligence in failing to see automobile, and in failing to avoid collision.

**2. Trial ☞352(1)—Special issue held erroneous as not correctly submitting issue of discovered peril as to collision of street car with automobile stalled on track.**

To render street railway liable under doctrine of discovered peril for death of automobile occupant in collision of street car with automobile stalled on track, it must appear that motorman actually saw automobile on track, realized danger to occupant in time to have avoided collision, and then failed to do so, and special issue making street railway liable either if motorman saw, or by exercise of ordinary care might have seen, automobile in time to avoid collision was affirmatively erroneous.

**3. Trial ☞352(1)—Special issue held to have submitted question of discovered peril.**

Special issue, in action for death of automobile occupant in collision with street car, submitting whether motorman saw, or by exercise of ordinary care could have seen, danger in time to have avoided injury, *held* to have submitted issue of discovered peril.

**4. Trial ☞350(7)—Pleadings and evidence held to raise issue of discovered peril.**

Pleadings and evidence, in action for death of automobile occupant in collision with street car, *held* to authorize submission of issue of discovered peril.

---

*Writ of error dismissed for want of jurisdiction November 23, 1927.

**5. Trial ⊜⇒352(1)—Special issue held improper as being on weight of evidence.**

Special issue as to whether failure of motorman to exercise ordinary care was proximate cause of death of automobile occupant, *held* erroneous as being upon the weight of evidence in assuming that failure of motorman to exercise ordinary care existed and inquiring whether such failure was proximate cause of deceased's death.

**6. Trial ⊜⇒350(7)—Evidence held not to raise issue of joint enterprise between deceased and driver of automobile.**

Evidence that deceased accepted invitation of driver to ride in automobile and was guest of driver with no control or management of automobile *held* not to raise question of joint enterprise, authorizing submission of such issue.

**7. Negligence ⊜⇒93(1)—Negligence of driver of vehicle will not be imputed to guest.**

Generally, negligence of driver of vehicle will not be imputed to one who is guest, merely riding with driver.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Action by George Smith and wife against the Eastern Texas Electric Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Orgain & Carroll, of Beaumont, for appellant.

Holland & Cousins and Howth, Adams & Hart, all of Beaumont, for appellees.

O'QUINN, J. Appellees George Smith and his wife, Maude Smith, brought this suit against appellant, Eastern Texas Electric Company, for damages on account of the death of their minor son, James L. Smith, who was killed in a collision between an automobile in which he was riding and one of appellant's street cars January 5, 1926.

Appellees alleged that appellant operated a street car line for the transportation of passengers in the city of Beaumont, and especially along and over Magnolia avenue, and that on or about January 5, 1926, James L. Smith, minor son of appellees, about 18 years of age, was an invitee and guest of a person driving an automobile on Magnolia avenue, traveling in a southerly direction towards the business portion of the city of Beaumont, and that a street car of appellant was going in a northerly direction along Magnolia avenue away from the business portion of said city; that the automobile in which appellees' son was riding, as it came to Polk street, which intersects Magnolia avenue at right angles, had to be suddenly turned to the left, in order to avoid a collision with another automobile which was approaching Magnolia avenue from Polk street, and that in doing so it skidded and slipped on, over, and across appellant's said street car track and stalled and stopped thereon, and it became and was impossible for the driver of the automobile to operate said automobile off of said street car track, which was in plain view of the motorman operating appellant's said street car and not more than 100 feet from same; that the motorman in charge of said street car carelessly, negligently, and violently collided said street car with and against said automobile, injuring and killing their said son. .

Appellees alleged that appellant was guilty of negligence in the following particulars:

(a) That the motorman in charge of appellant's street car saw, or by the exercise of ordinary care could have seen, the automobile on the street car track, or by the exercise of ordinary care could have known and realized. the danger to which the occupants of the automobile were about to be subjected, and, after fully realizing and comprehending their danger, carelessly and negligently failed to use ordinary care, and carelessly and negligently failed to use that degree of care required by law in cases of discovered peril, and negligently failed to use every reasonable effort and means at hand to prevent the collision. ~

(b) That the motorman negligently failed to shut off the motor power and to properly apply the brakes and other appliances with which the said street car was equipped to stop or slow down said street car as quickly as possible, by the prompt use of which he could have stopped or slowed down said car in time to have prevented the collision, or that if the brakes of said car were defective or out of repair, so that by their use the motorman could not have stopped the car in time to have prevented the collision, then that appellant was guilty of negligence in failing to have its said car properly equipped with sufficient and proper appliances to control same, and was guilty of negligence in not inspecting and adjusting same.

(c) That if the motorman operating said street car did not see the automobile stalled upon its tracks, then appellant was guilty of negligence in failing to keep a proper lookout for the protection of those that might be upon its tracks.

(d) That the street car was being negligently operated at a rapid and dangerous rate of speed, by reason of which the motorman could not stop said street car by application of all the means at hand in time to prevent the collision.

(e) That appellant and its agent, the motorman in charge of said street car, were guilty of negligence in failing to use ordinary care in the operation of said street car, in that the pavement of Magnolia avenue was wet and slippery and said street car was operated at a rapid and dangerous rate of speed, such that the motorman could not, under the circumstances, control the movement of said

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

street car, and could not stop same in time to prevent the collision.

(f) That the motorman failed to slow down said street car as it approached the intersection of said Polk and Magnolia streets, and that it was customary to slow down for said intersection.

(g) That the motorman in charge of said car was wholly incompetent and unfit to have charge of and to operate said street car, and that this was known to appellant, or could by the use of ordinary care have been known to it.

Appellees further pleaded that they were compelled to and did expend the sum of $750 for funeral and burial expenses of their said son, and that they were further damaged in the sum of $25,000.

Appellant answered by general demurrer and certain special exceptions, which were all overruled. Appellant further answered by general denial, and specially that appellees' son and the driver of the automobile were engaged in a joint enterprise, and that the acts and omissions of the one should be imputed to the other, and that the driver of the automobile was guilty of wrongs, omissions, and negligence, and that James L. Smith, son of appellees, observed, noticed, and was cognizant of same, and acquiesced therein, and that the acts, omissions, and negligence of the driver of the automobile were the sole and proximate cause of the collision and consequent injuries of deceased, or that deceased was guilty of acts, omissions, and negligence which were the sole and proximate cause of his injuries and death, or proximately contributed to his said injuries.

The case was submitted to the jury on the following special issues:

"(1) Do you believe from the evidence that at the time of the injury set out in plaintiffs' petition, the automobile in which the deceased was riding was stalled or stopped upon the street car track of the defendant company?"

To which the jury answered, "Yes."

"(2) Do you believe from the evidence that the motorman in charge of defendant's street car at the time of the accident saw, or by the exercise of ordinary care could have seen, the danger of the car in which deceased was riding, in time to have in the exercise of ordinary care avoided the injuries?"

To which the jury answered, "Yes."

"(3) Do you believe from the evidence that such failure to exercise ordinary care was the proximate cause of the injuries to and death of James L. Smith?"

To which the jury answered, "Yes."

In answer to the fourth question, the jury said:

"We award to plaintiff George Smith, $2,000. We award to plaintiff Maude Smith, $3,000."

After and beneath the signature of the foreman, the jury appended the following:

"For burial expenses $700"—which was signed, also, by the foreman.

On motion of appellees the court rendered judgment for plaintiff George Smith in the sum of $2,700, and for plaintiff Maude Smith in the sum of $3,000. Motion for a new trial was overruled. The case is before us on appeal.

The record is voluminous, the transcript containing 244 pages and the motion for a new trial 171 paragraphs or reasons why a new trial should be granted. Upon this motion many assignments are based, and 30 propositions are presented. We shall discuss only a few of them.

[1] As shown by the court's charge, the whole question of negligence on the part of appellant and its liability was submitted to the jury on the question of discovered peril. In answer to special issue No. 1, the jury found that the automobile in which deceased was riding was stalled upon the street car track. Special issue No. 2 then submitted the question of discovered peril in these words:

"Do you believe from the evidence that the motorman in charge of defendant's street car at the time of the accident saw, or by the exercise of ordinary care could have seen, the danger of the car in which deceased was riding, in time to have in the exercise of ordinary care avoided the injuries?"

This charge was error. It submitted for the jury's finding more than one ultimate material fact, including the issues of discovered peril, negligence in failing to see the automobile on the track, and negligence in failing to avoid the collision, all intermingled. This was in contravention of article 2189, Revised Civil Statutes 1925. All controverted issues necessary to be submitted must be submitted distinctly and separately, avoiding intermingling. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Interstate Casualty Co. v. Hogan (Tex. Civ. App.) 232 S. W. 354.

[2] Furthermore, the charge was erroneous in that it did not correctly submit the issue of discovered peril. In order to render appellant liable because of discovered peril, it must appear that the driver of the street car actually saw the automobile on the track and knew and realized the danger to its occupants in time to have, by the use of the means at hand, consistent with the safety of the street car avoided the collision, and then failed to do so. If he had no such knowledge, the doctrine did not apply, although it appeared that by the exercise of ordinary care he might have acquired same. The charge made appellant liable either if he saw, or by the exercise of ordinary care might have seen, the automobile upon the track in time to have avoided the collision. This was affirmatively erroneous. Texas & P. R. Co. v. Breadow, 90 Tex. 26, 31, 36 S. W. 410; Texas & P. Ry. Co. v. Staggs, 90 Tex. 458, 39 S. W. 295; Railway v. Price (Tex. Com. App.) 240 S. W. 524; San Antonio

Traction Co. v. Kelleher, 107 S. W. 64; Scates v. Rapid Transit R. Co. (Tex. Civ. App.) 171 S. W. 503; Southern Traction Co. v. Rogers (Tex. Civ. App.) 201 S. W. 199.

[3] But appellees insist that special issue No. 2 was not intended to and did not submit the issue of discovered peril, but that said issue merely submitted the issue of primary negligence in failing to maintain a proper lookout. We do not agree to this contention. The motorman testified that he saw the automobile coming down Magnolia avenue before it reached the intersection of Polk street, and that he saw it when it turned out onto the street car track to avoid colliding with the car coming in on Magnolia avenue from Polk street, and that he saw it when it stopped on the track. The special issue could not have been propounded to find whether the motorman saw the danger of the automobile in which deceased was riding, for he admitted that he did. Moreover, why, if the special issue was to determine whether the motorman kept a proper lookout, did it ask whether by the exercise of ordinary care he could have seen the dangerous situation of the automobile when he testified, positively, that he saw the automobile when it left Prince street and turned into Magnolia avenue, before it had approached the intersection of Magnolia avenue and Polk street? We think it is plain that the case was submitted to the jury upon the issue of discovered peril alone as to negligence.

Appellees, in their brief, arguing that special issue No. 2 did not submit the question of discovered peril, but submitted the issue of failure to exercise ordinary care in keeping a lookout, say:

"In discovered peril, the duty of a motorman begins from the time he actually discovers the impending danger; but with respect to negligence in failing to keep a lookout, his duty is constant and ever-existing, during all the time he is operating his car, and the fact that he does not see, for instance, an automobile stalled on the track ahead, does not preclude the further inquiry into his negligence in failing to keep a lookout; but, the question then arises, whether or not he would have discovered it, had he been exercising ordinary care at all times and while he was operating his machine up to the time of the collision; and if, under the circumstances, the issue is reasonably raised that he could or should have discovered the automobile on the track before the collision, then the further inquiry arises, in order to make out the issue of failure to keep a lookout, whether or not he could have prevented the collision and damages by the exercise of ordinary care after he should have discovered the automobile."

They further say:

"When special issue No. 2 is analyzed, we find that it properly submits to the jury for their determination the following fact issues, all of which were necessary elements of negligence in failing to keep a lookout:

"(1) Do you believe from the evidence that the motorman in charge of defendant's street car at the time of the accident saw the danger of the car in which the deceased was riding?

"(2) Do you believe from the evidence that the motorman in charge of defendant's street car, by the exercise of ordinary care, could have seen the danger of the car in which the deceased was riding?

"(3) If the motorman saw, or by the exercise of ordinary care could have seen, such danger, was there sufficient time, after he did see or could have seen the danger, within which, by the exercise of ordinary care on his part, he could have avoided the injuries?"

If the contention of appellee were correct, that is, that the special issue submitted not discovered peril, but negligence in failing to keep a proper lookout, still the issue contained more than one question of material ultimate fact to be found, and was thus error. According to the contention of appellees above, the issue as by them contended would have presented and did present three different material facts combined in one issue. The jury might, under the evidence, have desired to answer one "Yes," and another "No," but because of being combined in one question, requiring one answer, they must answer both the same way.

[4] Appellant contends that it was error for the court to submit the issue of discovered peril, because, it says, the evidence did not raise the issue. This contention is overruled. The pleadings and the evidence pointedly raised the issue.

[5] We sustain the assignment that special issue No. 3 was improper because upon the weight of the evidence. The issue is:

"Do you believe that such failure to exercise ordinary care was the proximate cause of the injuries to and death of James L. Smith?"

It assumed that failure on the part of appellant's motorman to exercise ordinary care existed, and inquired whether such failure was the proximate cause of the injuries to and death of the deceased.

[6, 7] We overrule appellant's contention that the court erred in not submitting its special requested issue raising the question of contributory negligence on the part of deceased, based on the contention that the driver of the automobile and deceased were engaged in a joint enterprise, and that the negligence of the driver, if any, as a matter of law, should be imputed to deceased. The issue was not raised by the evidence. The undisputed facts show that the driver of the automobile and deceased had both started from different points to work on the morning of the accident, deceased walking, and that the driver of the automobile, who was a friend of deceased, upon overtaking deceased, invited him to get in the automobile and ride, and that deceased accepted the invitation and got in the automobile as the guest of the driver, having no control or management of the automobile

whatever, or authority over the driver. The general rule is that the negligence of the driver of a vehicle will not be imputed to one who is a guest, merely riding with the driver. 3 Elliott on Railroads, § 1174; Galveston, H. & S. A. R. Co. v. Kutac, 76 Tex. 473, 13 S. W. 327; Gulf, C. & S. F. R. Co. v. Slater (Tex. Civ. App.) 56 S. W. 216; Central Tex. & N. W. R. Co. v. Gibson (Tex. Civ. App.) 83 S. W. 862; Baker v. Fields (Tex. Civ. App.) 236 S. W. 170; Bower Auto Rent Co. v. Young (Tex. Civ. App.) 274 S. W. 297.

Other questions are presented, but as they may not arise upon another trial, they will not be discussed.

Because of the errors discussed, the judgment is reversed and the cause remanded.